FILED
JOHN P. HEHMAN
CLERK

2013 DEC -9 PM 2:51

DISTRICT COURT
SRN DIST OH
CIY CINCINNATI

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| MATTHEW LITTY<br>396 Longwood Drive<br>Venice, Florida 34285<br>    Plaintiff<br>and<br><br>CARLA LITTY<br>396 Longwood Drive<br>Venice, Florida 34285<br>    Plaintiff<br>and<br><br>ROBERT LITTY<br>396 Longwood Drive<br>Venice, Florida 34285<br>    Plaintiff<br><br>vs.<br><br>CARLISLE LOCAL SCHOOL DISTRICT<br>724 Fairview Drive<br>Carlisle, OH 45005<br>    Defendant<br>and<br><br>MATTHEW BISHOP, in his official<br>Capacity of Principal of Carlisle High<br>School, and individually<br>250 Jamaica Road<br>Carlisle, Ohio 4505<br>    Defendant<br>and<br><br>HEATHER ALLISON in her official<br>Capacity of Counselor of Carlisle High<br>School, and individually<br>250 Jamaica Road<br>Carlisle, Ohio 4505<br>    Defendant | Case No. 1:13CV896<br><br>Judge   J. BARRETT<br><br>**COMPLAINT WITH JURY DEMAND** |

1

| | |
|---|---|
| and | : |
| | : |
| **SHIRLEY WILSON in her official** | : |
| **capacity as custodian of Carlisle High** | : |
| **School, and individually** | : |
| **250 Jamaica Road** | : |
| **Carlisle, Ohio 4505** | : |
|       Defendant | : |

## INTRODUCTION

1. This is a complaint brought by private citizens, on their own behalf, against a public, governmental entity and several of its officials and employees for redress of violations of plaintiffs' civil rights. The complaint seeks declaratory and monetary relief.

## JURISDICTION

2. Jurisdiction for this action in invoked pursuant to 42 U.S.C. §2000e and 28 U.S.C. §§ 1343(3) and 1343(4). Claims are asserted pursuant to the Fourteenth Amendments to the U.S. Constitution, Title IX of 20 U.S.C. § 1681, Title VI of the Education Amendments of 1972, 42 U.S.C. §2000(d) and 42 U.S.C. §1983. To the extent declaratory relief is sought, claims are asserted pursuant to 28 U.S.C. §§2201 and 2202. Supplemental state claims are asserted pursuant to 28 U.S.C. § 1167, state statutes and state common law.

## PARTIES

3. Plaintiff, Matthew Litty was a resident, along with his parents Carla and Robert Litty, 7512 Ned Court, City of Carlisle, County of Warren within the Southern District of Ohio. At all times relevant herein, Matthew Litty was a student at Carlisle Local School District.

4. Plaintiffs', Carla and Robert Litty were residents of Carlisle, County of Warren within the Southern District of Ohio. They are the parents of Matthew Litty, who was a minor child at the time of the complaint. At all times relevant herein, their son, Matthew Litty, was a student at Carlisle Local School District in Carlisle, Ohio.

5. Carlisle Local School District is a public entity which, acting under color of law, is responsible for the formation and implementation of all official governmental laws, policies, regulations and procedures in effect for Carlisle Local School District, to include mandatory anti-bullying policies prescribed by Ohio Rev. Code §3313.666.

6. Defendant Matthew Bishop was at all relevant times averred in this complaint, a full time employee of the Carlisle Local School District, serving as Principal of Carlisle Local School District, in that capacity, acting under color of law, is responsible for the implementation of all school policy, assuring students are treated fairly, equally and protected and investigate disciplinary issues including bullying allegations.

7. Defendant, Shirley Wilson was at all relevant times a full time employee of the Carlisle Local School District, and in that capacity, acting under color of law, knows or should know that teasing, contributing to bullying or bullying a student is inappropriate, unprofessional and illegal.

8. Defendant, Heather Allison was at all relevant times a full time employee of the Carlisle Local School District, and in that capacity, acting under color of law, is responsible for providing guidance to students regarding academics, post-

secondary options, services required to deal with traumatic experiences and act as advocate and resource for students bullied in the school building.

## FACTS

9. Matthew Litty was a high school student at Carlisle High School when the events that give rise to this complaint began.

10. During Matthew Litty's sophomore year in high school, other students began teasing Matthew Litty for being a homosexual. Several students used sexually oriented derogatory terms such as "faggot," "queer," "homo" and various other homophobic statements. These statements occurred during class times, in the hallways and in front of numerous school officials. The level of insults were constant, severe and pervasive to prevent Matthew Litty from feeling comfortable, protected and safe while at school. Further, Matthew Litty was subjected to the same vulgar comments by telephone text message, facebook and other social media. Even in the privacy of his own home, Matthew was subjected to numerous demeaning and harassing remarks.

11. Based on the constant harassment, Matthew Litty sought help for Defendant, Principal Matthew Bishop. Matthew Litty explained to Prinicipal Bishop that he was being bullied and harassed based on allegations he was a homosexual. Matthew Litty explained the vulgar comments made by specific students, the daily harassment and the lack of response by teachers and/or staff. Defendant Bishop commented Matthew Litty was only concerned about his reputation and is upset because of Matthew's perception that students are defaming him.

12. Defendant Bishop sent Matthew Litty back to gym class. As soon as Matthew Litty returned to class, he was barraged with a myriad of insults. Matthew

attempted to deflect these vulgar comments, which caused Defendant Betrand Wray to punish, alienate and shame Matthew by removing him from class and forcing Matthew into Mr. Wray's office. Matthew attempted to explain the circumstances of his bullying, including lewd comments, constant ridicule and vocal cruelty. Defendant Wray dismissed these complaints and told Matthew that he was a disruption in his class.

13. The constant harassment never ceased. Feeling desperate, Matthew Litty sought advice and help from Defendant Heather Allison, school counselor. Matthew explained the issues surrounding his bullying. Matthew gave Defendant Allison the names of the perpetrators. Defendant Allison minimized and dismissed Matthew Litty's complaints claiming Matthew was popular and well-loved.

14. The level of harassment and bullying became so severe and pervasive that Matthew Litty refused to attend school, finding various excuses or skipping classes to gain some reprieve. Eventually, Defendant Carlisle Local Schools filed truancy charges against him. Prior to filing the truancy charges, Plaintiff, Carla Litty met with school officials explaining concerns about bullying and Matthew's disposition while at home. Principal Bishop minimized the bullying concerns, made superficial promises to look into it and ignored Carla Litty's concerns. The school was more interested in prosecuting Matthew for his attendance issues than addressing the root causes of his absenteeism.

15. Matthew Litty was prosecuted and found responsible for truancy for absences in his sophomore year. He was placed on a probationary status by the Warren County Juvenile Court, requiring him to pay court costs and attend truancy

mitigation classes. Matthew felt alienated and isolated that school officials would not help him and he would get prosecuted for avoiding school.

16. During the summer between his sophomore and junior year, Matthew Litty sought his best friends as a means of support and did in fact disclose that he was a homosexual. Immediately, this support base began disclosing Matthew's sexuality to the student body.

17. On Matthew's first day of his junior year, he was subjected to being called "faggot" as soon as he arrived. One student refused to allow Matthew into the door of the school while yelling obscene and profane names at him. Matthew struggled to enter the building afraid of the consequences for not complying with his truancy probation. Matthew was shamed, felt threatened and dreaded being in school.

18. Matthew's experience at school continued to deteriorate. Students made homophobic jokes during class at his expense. Students walked behind Matthew making lewd remarks about his sexuality and behavior. Any emotional response by Matthew was exploited and teased further. Many of these comments were made in the direct presence of teachers and staff, who failed to take any corrective action.

19. Matthew Litty went to Defendant Bishop to switch classes because several classes had the most severe and pervasive bullies. Principal Bishop told Matthew there was nothing he could do and it was too late to switch classes.

20. Matthew Litty went to Defendant Allison about the bullying. Defendant Allison ignored Matthew's concerns claiming she was unaware this was occurring and

promised to take care of it. Through information and belief, Defendant Allison failed to investigate the bullying claims and none of the named students were reprimanded for their inappropriate behavior.

21. In December, Matthew Litty was in the lunchroom. During lunch, several of Matthew's harassers encouraged Defendant Shirley Wilson to approach Matthew and make a derogatory statement. Defendant Wilson approached Matthew and made an inappropriate comment about how Matthew must really "get into watching the gay channel" to the amusement and entertainment of those bullying Matthew.

22. Defendant Wilson's comment was inappropriate, reprehensible and lacking in professionalism, which fueled further bullying, teasing and taunting about his sexuality which now includes being teased by the school janitor. This teasing was relentless, constant and endorsed by the school for failing to take any remedial action.

23. Carla Litty contacted Mr. Bishop to complain about Ms. Wilson's comments. Mr. Bishop promised to take care of it, but little to no action took place against Ms. Wilson.

24. During the fall semester of his junior year, Matthew began missing class without excuse. Despite continuously seeking Mr. Bishop's help, he was consistently dismissed and/or ignored. The school brought truancy charges against Matthew and his parents.

25. During the pendency of the truancy case, Matthew felt isolated, depressed and desperate that his school was more interested in prosecuting Matthew than

helping the bullying situation. On or about January 3, 2011, Matthew attempted suicide.

26. Matthew was taken to the hospital and eventually a children's psychiatric unit to treat his depression and anxiety disorders.

27. Given the school's refusal to address bullying, Carla and Robert Litty packed up their residence and relocated so Matthew could attend a different school.

28. School administrators knew or should have known about the bullying and harassment Matthew was suffering and how it was affecting him because he repeatedly reported these incidents to Mr. Bishop and Ms. Allison.

29. The Defendants' knew or should have known that Matthew was the subject of bullying and harassment as many incidents occurred in classes, during class or in the school building. The Defendants were aware or should have been aware that Matthew experienced bullying on social networking sites, text messages and other outside communication mediums as Matthew regularly reported and evidenced such harassment to school officials, including Mr. Bishop and Ms. Allison.

30. The Defendants' prior knowledge of Matthew's bullying and harassment and prioritizing the prosecution of Matthew for truancy rather than solving the bullying issues constitutes deliberate indifference in violation of Matthew's rights.

31. The Defendants' actions and omissions, in knowing that Matthew was regularly bullied and harassed and their failure to intervene, effectively deprived Matthew Litty of access to the school's resources and opportunities and were clearly unreasonable in light of the known circumstances.

32. Due to the actions and omissions of the Defendants, jointly and severally, Matthew Litty became so depressed that he attempted suicide, almost costing him his life and costing his parents the temporary companionship of their son and requiring the family to relocate to a school district that would protect Matthew's rights.

33. The failure by Defendants to adequately address the bullying and harassment of Matthew Litty is part of a policy and practice of the Carlisle Local School District Board of Education of violating students' rights by ignoring bullying and harassment of students by other students.

## COUNT ONE:

34. Plaintiff asserts all preceding paragraphs as if fully rewritten herein.

35. The actions of the Defendants constitute a violation of plaintiff's constitutional right, pursuant to the substantive and procedural due process clauses of the Fourteenth Amendment, to familial relationships, gender equality and equal protection under the law.

36. As a direct result of the actions and conduct of Defendants, Plaintiffs suffered actual damages and pain and suffering in an amount to be determined at trial.

## COUNT TWO:

37. Plaintiff asserts all preceding paragraphs as if fully rewritten herein.

38. The School Corporation and Defendants named herein acted under color of state law in violation of Matthew's equal protection and due process rights in failing to utterly prevent or address the bullying and harassment. This failure was a Title IX violation, which bars discrimination based upon sexual orientation.

39. Carlisle School District, Matthew Bishop and Heather Allison were deliberately indifferent to the allegations of student-on-student gender-based bullying and harassment reported to them by Matthew Litty and/or his family.

40. Defendants' are held liable under the Fourteenth Amendment as they have been deliberately indifferent to Matthew Litty's obvious, evidenced and reported discriminatory harassment by other children and Shirley Wilson. *See Davis v. Monroe County Bd. of Ed., 526 U.S. 629, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999)*.

41. Defendants' Deliberate indifference to discrimination is demonstrated by their complete and inexcusable inaction in light of known circumstances and their actions for prosecuting Matthew Litty for truancy rather than address the bullying leading to his absences.

42. As a direct result of the actions and conduct of Defendants, Plaintiffs suffered actual damages and pain and suffering in an amount to be determined at trial.

**COUNT THREE:**

43. Plaintiff asserts all preceding paragraphs as if fully rewritten herein.

44. The actions of the Defendant Carlisle Local School District, in failing to properly train its officials and teachers in proper methods of recognizing, responding to and preventing bullying and harassment, and in permitting bullying and harassment, constitute a violation of the school district's obligations to maintain lawful policies and procedures pursuant to Monell v. Dept. of Social Services, 436 U.S. 458 (1978).

45. The actions of the Defendant Carlisle Local School District had an anti-bullying policy pursuant to Ohio law, but the District consistently ignored, refused to enforce and/or failed to prevent, investigate or stop allegations of bullying, which constitutes a violation of the school district's obligations to maintain lawful policies and procedures pursuant to Monell v. Dept. of Social Services, 436 U.S. 458 (1978).

46. As a direct result of the actions and conduct of Defendants, Plaintiffs suffered actual damages and pain and suffering in an amount to be determined at trial.

## COUNT FOUR:

47. Plaintiff asserts all preceding paragraphs as if fully rewritten herein.

48. Defendant Shirley Wilson's contribution in the bullying and harassment exacerbated the already severe and pervasive treatment. As an employee of the school, Shirley Wilson acted with disregard to Matthew's safety and knew or should have known that her comments would create additional bullying and harassment.

49. Shirley Wilson's teasing and comments specifically caused additional, increased bullying placing him in further emotional and physical danger.

50. Carlisle Schools had Matthew in its custody as he was of compulsory age to attend school. Further, the school created additional danger of harassment and bullying by actions of Shirley Wilson.

51. The School knew or should have known about the bullying based on Matthew and Carla Litty notifying Matthew Bishop about Shirley Wilson's actions. Matthew Bishop dismissed these allegations, failed to investigate or take any corrective action against Shirley Wilson.

52. As a direct result of the actions and conduct of Defendants, Plaintiffs suffered actual damages and pain and suffering in an amount to be determined at trial.

## COUNT FIVE:

53. Plaintiff asserts all preceding paragraphs as if fully rewritten herein.

54. The actions of defendants constitute a violation of Title IX, 20 U.S.C. § 1681 by allowing the plaintiff to be harassed by other students.

55. The sexual harassment experienced by Matthew Litty was severe, pervasive and objectively offensive that it deprived Plaintiff of access to the educational opportunities and/or benefits provided by the school.

56. Defendants had actual evidence and knowledge of the sexual harassment.

57. Defendants were deliberately indifferent to the bullying allegations of Matthew Litty.

58. As a direct result of the actions and conduct of Defendants, Plaintiffs suffered actual damages and pain and suffering in an amount to be determined at trial.

## COUNT SIX:

59. Plaintiff asserts all preceding paragraphs as if fully rewritten herein.

60. The actions of Defendants, as enumerated above, constitute negligence and/or gross negligence under state law.

61. As a direct result of the actions and conduct of Defendants, Plaintiffs suffered actual damages and pain and suffering in an amount to be determined at trial.

## COUNT SEVEN:

62. Plaintiff asserts all preceding paragraphs as if fully rewritten herein.

63. The actions of defendants constitute malicious purpose, bad faith and wanton and reckless conduct in violation of Ohio Rev. Code § 2744.03(A)(6).

64. As a direct result of the actions and conduct of Defendants, Plaintiffs suffered actual damages and pain and suffering in an amount to be determined at trial.

### COUNT EIGHT:

65. Plaintiff asserts all preceding paragraphs as if fully rewritten herein.

66. The School District is liable under a negligent supervision theory for the failure to adequately train and supervise Defendants Allison, Bishop, Wilson and the other teachers who failed to take any action on Matthew's behalf. Had these employees been adequately trained and supervised, the teachers and officials would have addressed the bullying and harassment.

67. As a direct result of the actions and conduct of Defendants, Plaintiffs suffered actual damages and pain and suffering in an amount to be determined at trial.

### COUNT NINE:

68. Plaintiff asserts all preceding paragraphs as if fully rewritten herein.

69. Alternatively, if Defendants did not act in an intentional manner, they negligently and irresponsibly allowed students to intimidate, harass and bully Matthew to the point that he was hospitalized requiring psychological care. Such acts would cause distress in a reasonable person and in fact were the direct, proximate and foreseeable cause of mental and emotional distress in Matthew.

70. As a direct result of the actions and conduct of Defendants, Plaintiffs suffered actual damages and pain and suffering in an amount to be determined at trial.

### COUNT TEN:

71. Plaintiff asserts all preceding paragraphs as if fully rewritten herein.

72. Robert and Carla Litty bring a loss of consortium claims for being deprived of their child, enjoyment and familial relationship with Matthew caused directly by Defendants actions.

WHEREFORE, plaintiff prays that this court grant against the Defendants, jointly and severally, the following enumerated relief:

1. Declare that the acts, conduct and/or omissions of all defendants constitutes violations of plaintiff's constitutional, statutory and common-law rights.
2. Enjoin Defendants from violating the constitutional and statutory rights of its citizens.
3. Grant to the Plaintiffs and against all defendants, jointly and severally, an appropriate amount of compensatory damages, and against the individual defendants an appropriate amount of punitive damages.
4. Grant to the plaintiffs and against all defendants, jointly and severally, appropriate costs and attorneys' fees.
5. Grant to the plaintiffs whatever other relief the court deems appropriate.

Respectfully submitted,

/s/ Neal Duiker
Neal W. Duiker (0084717)
Attorney for Plaintiffs
130 E. Mulberry St.
Lebanon, Ohio 45036
513 932-2871
duiker@grayandduning.com

Jury Demand

Plaintiff, Matthew Litty, hereby requests this matter be tried by a trial by jury.

/s/ Neal Duiker
Neal W. Duiker (0084717)